**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| v. | : | **Criminal No. 3-CR-16-085** |
| **EVANS SAMUEL SANTOS DIAZ,** | : | **(JUDGE MANNION)** |
| Defendant | : | |

## MEMORANDUM

### I.  BACKGROUND

By way of relevant background, on October 25, 2016, defendant Diaz, along with five others, were indicted and charged in a Superseding Indictment. Diaz was charged with conspiracy to distribute and possess with intent to distribute controlled substances, namely, heroin, cocaine hydrochloride and cocaine base (crack), in violation of 21 U.S.C. §846, (Count 1), and distribution of a controlled substance, namely, heroin, in violation of 21 U.S.C. §841(a)(1), (Count 4). (Doc. 109).[1]

On October 28, 2016, defendant Diaz was arraigned and pled not guilty to both counts against him in the Superseding Indictment. (Doc. 121). The defendant Diaz's detention from April 13, 2016 was continued.

On April 28, 2017, the Government filed a motion *in limine*, (Doc. 206),

---

[1]The five co-defendants of Diaz pled guilty and four of them are awaiting sentencing. One has been sentenced.

1

seeking to admit evidence of defendant Diaz's prior felony conviction regarding a 2011 Pennsylvania charge of robbery for purposes of impeaching Diaz if he testifies at trial.

Defendant Diaz did not file a brief in opposition to the government's motion and the deadline for doing so has passed pursuant to MDPA LR 7.7. Regardless, the court will consider the merits of the Government's motion since it must conduct a balancing test and analyze the applicable *Bedford* factors.[2]

## II. DISCUSSION

The Government's motion is filed pursuant to Fed.R.Evid. 609(a)(1)(B). Federal Rule of Evidence 609 pertains to the use of prior convictions for impeachment purposes and provides:

> The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:
> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant[.]

Fed.R.Evid. 609(a)(1)(B).

"Rule 609 permits evidence of a prior felony conviction to be offered to impeach a testifying witness. However, when the testifying witness is also the

---

[2] *See* Gov't of Virgin Islands v. Bedford, 671 F.2d 758 (3d Cir. 1982).

2

defendant in a criminal trial, the prior conviction is admitted only 'if the probative value of the evidence outweighs its prejudicial effect to that defendant.'" U.S. v. Caldwell, 760 F.3d 267, 286 (3d Cir. 2014) (citing Fed.R.Evid. 609(a)(1)(B)). As such, the Third Circuit has held that this Rule "reflects a heightened balancing test" with a "predisposition toward exclusion" and, that "[a]n exception [to exclusion of the evidence] is made only where the prosecution shows that the evidence makes a tangible contribution to the evaluation of credibility and that the usual high risk of unfair prejudice is not present." Id. (citation omitted). "When offering a prior conviction to impeach a testifying defendant, the government bears the burden of satisfying the heightened balancing test set out in Rule 609(a)(1)(B)." Id. at 289.

The Third Circuit has "recognized four factors that should be considered when weighing the probative value against the prejudicial effect under this heightened test." Id. at 286. The four factors are: "'(1) the kind of crime involved; (2) when the conviction occurred; (3) the importance of the [defendant's] testimony to the case; [and] (4) the importance of the credibility of the defendant.'" Id. at 286 (citing Gov't of Virgin Islands v. Bedford, 671 F.2d 758, 761 n. 4 (3d Cir. 1982)). The court will now address each factor.

In considering the first factor, "courts consider both the impeachment value of the prior conviction as well as its similarity to the charged crime." Id. "The impeachment value relates to how probative the prior conviction is to the witness's character for truthfulness." Id. "With respect to the similarity of the

3

crime to the offense charged, the balance tilts further toward exclusion as the offered impeachment evidence becomes more similar to the crime for which the defendant is being tried." Id. Diaz's prior conviction was for a felony robbery charge. This crime does not have any similarity to the instant drug charges. As such, the balance of this factor tilts toward admissibility. Further, the robbery crime has greater impeachment value since it implies some dishonesty. The *Caldwell* Court stated, "crimes that by their nature imply some dishonesty, such as theft, have greater impeachment value and are significantly more likely to be admissible." Id.

Thus, the first factor clearly weighs in favor of admitting Diaz's prior robbery conviction for impeachment purposes. *See* U.S. v. Cherry, 2010 WL 3156529, *7 (E.D.Pa. Aug. 10, 2010) (The court noted "that use of the [defendant's prior felony] robbery conviction is probative of truthfulness, further supporting its admissibility for impeachment purposes.").

The second factor, the age of the prior conviction, also weights in favor of admissibility. The government states that "Diaz's conviction for robbery was in 2011 and he is still on probation for that offense." (Doc. 206, p. 4). Thus, the probative value of Diaz's 6-year old conviction is increased since he has not completed his sentence for the offense.

"The third factor inquires into the importance of the defendant's testimony to his defense at trial." Caldwell, 760 F.3d at 287. "If it is apparent to the trial court that the accused must testify to refute strong prosecution

4

evidence, then the court should consider whether, by permitting conviction impeachment, the court in effect prevents the accused from testifying." Id. (citation omitted). However, "[if] the defense can establish the subject matter of the defendant's testimony by other means, the defendant's testimony is less necessary, so a prior conviction is more likely to be admitted." Id. at 288 (citation omitted). Diaz's testimony in this case may be important to demonstrate the validity of his defense and it may be "fundamentally important to his defense." Id. at 289. As such, the court will balance this factor as weighing against the admission of his prior robbery conviction.

"The final factor concerns the significance of the defendant's credibility to the case. 'When the defendant's credibility is a central issue, this weighs in favor of admitting a prior conviction.'" Id. at 288 (citation omitted). "Where a case is reduced to a swearing contest between witnesses, the probative value of conviction is increased." Id. (citation omitted). The Government states,

> Here, the testimony of the defendant will set up a credibility contest between the defendant and the government's witnesses as to, for example, if a conspiracy was present and whether or not the defendant was in fact part of that conspiracy. The jury will be asked to choose between the defendant's version of events and that provided by the government's witnesses.

(Doc. 206, p. 5).

The court finds that the fourth factor weighs in favor of admitting Diaz's prior conviction.

Thus, the court finds that the Government has met its burden of

5

showing that the probative value of Diaz's prior robbery conviction outweighs its prejudicial effect under Rule 609(a)(1)(B). Three of the four factors discussed by the Government weigh in favor of admission of Diaz's prior conviction. However, the court will give a limiting instruction to the jury and direct the jury to consider Diaz's prior robbery conviction for impeachment purposes only. *See* U.S. v. Cherry, 2010 WL 3156529, *7 (The court found that a limiting jury instruction would mitigate any potential prejudice to defendant.).

Additionally, the Government's use of Diaz's 2011 robbery conviction will be limited to cross-examination, if Diaz testifies. Therefore, the court will **GRANT** the Government's motion *in limine*. (Doc. 206).

### III. CONCLUSION

For the foregoing reasons, the court will **GRANT** the Government's motion in limine, (Doc. 206), and it will allow the Government to impeach the credibility of Diaz with the fact of his prior felony robbery conviction if he testifies on his own behalf at trial. An appropriate order shall follow.

S/ *Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: June 20, 2017**